UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBY SCOTT,

    Plaintiff,

v.                                            Case No. 3:24cv50-MCR-HTC

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* after Plaintiff failed to pay the Court's filing fee or submit a motion to proceed *in forma pauperis*, despite being provided multiple opportunities to do so. Upon consideration, the undersigned recommends this case be dismissed for Plaintiff's failure to prosecute or failure to comply with Court orders, as well as his failure to truthfully disclose his prior litigation history.

### I.    FAILURE TO PROSECUTE OR COMPLY WITH ORDERS

Plaintiff Bobby Scott, proceeding *pro se*, initiated this action on or about February 9, 2024, by filing a handwritten "Petition for Writ of Mandamus," asking the Court to compel the Internal Revenue Service to provide him Covid-19 relief

payments. Doc. 1.[1] Plaintiff, however, did not pay the Court's filing fee and, instead, simultaneously filed a document titled "Petition/Motion for Extension of Time" seeking "a Copy of Any And All Indigent Forms Necessary" to submit a motion to proceed *in forma pauperis*. *See* Doc. 2. On February 8, 2024, the Court granted Plaintiff's motion and gave him twenty-one (21) days to either file a complete application for indigent status or pay the full filing fee. Doc. 4 at 2–3. The February 8 Order expressly warned Plaintiff that his failure to comply with the Court's directives could result in a recommendation of dismissal. *Id.* at 3. Plaintiff, however, did not submit a motion to proceed *in forma pauperis* and, instead, sought a second extension of time, which the Court also granted, with another warning that noncompliance may result in dismissal. *See* Docs. 5 & 6. Plaintiff, thus, had until March 21, 2024, to submit his *in forma pauperis* application (originally due at the time of filing the present action), but he failed to do so, in clear violation of this Court's orders.[2] *See* Docs. 4 & 6.

---

[1] The Court found the Petition deficient and directed Plaintiff to file an amended complaint, which he did on March 13, 2024. *See* Docs. 4 & 8.

[2] A week after the deadline expired, Plaintiff filed a "Supplemental Exhibit," which was received by the Court on April 1, 2024. Doc. 9. In that supplement, Plaintiff contends he has been unable to file a motion to proceed *in forma pauperis* because the institution wants to charge him $5.00, which he does not have, to get his account statement. The Court has not heard of such a requirement from other prisoners. Regardless, Plaintiff's response is belated and there is no pending motion to extend. Moreover, Plaintiff asks in the Supplement that, if his case is dismissed, it be dismissed without prejudice until he has sufficient funds. This recommendation for dismissal is without prejudice.

Case No. 3:24cv50-MCR-HTC

Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

II.   **FAILURE TO DISCLOSE PRIOR CASE**

As an additional and independent basis for dismissal, Plaintiff also failed to truthfully disclose his complete litigation history in his amended complaint, Doc. 8.

Section VIII.A of Plaintiff's complaint form asks the following question: "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" *Id.* at 9. Plaintiff answered this question in the negative and failed to disclose any cases. *Id.* Further, Section VIII.C of Plaintiff's complaint form asks: "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 10 (emphasis in original).  Plaintiff answered "Yes" to this question and disclosed several state-court cases but no federal cases. *Id.* at 10–12. Plaintiff signed the complaint form "under penalty of perjury, that all of the information stated above

and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 12.  The complaint form also warned Plaintiff that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***"  Doc. 8. at 8 (emphasis in original); *see also Moon*, 863 F.2d at 837.

Upon investigation, the Court discovered Plaintiff's responses were false. Specifically, he failed to disclose *Scott v. Israel*, No. 1:17-cv-22484 (S.D. Fla. July 6, 2017), a federal habeas petition which challenged the constitutionality of Plaintiff's pre-trial detention. *See id.* at 10–12. Moreover, as the case was dismissed on exhaustion grounds "prior to service," Plaintiff should have also disclosed it within section VIII.A of the amended complaint but he did not. *See id.* at 9.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  And if Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  As one district judge from this District stated, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little

purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020) (dismissing plaintiff's complaint for failure to disclose prior lawsuits).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders, as well as for failure to truthfully disclose his prior litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of April, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.